## JAYNE v. ANWAY et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. RESULTING TRUST—CONFLICTING EVIDENCE—REVIEW.
    Where, in a suit to enforce a resulting trust in land conveyed to defendant's testator, under testator's alleged agreement to hold a certain portion thereof for plaintiff, the evidence touching the making of such agreement was sharply conflicting, a finding by the court, based on sufficient evidence, that no such agreement was made, will not be reversed on appeal.

Appeal from Special Term, Orange County.

Suit by Wells T. Jayne, suing as William T. Jayne, against Wilmore Anway and others, as executors of the estate of De Witt C. Jayne, deceased, to enforce a resulting trust. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-
BERG, and HOOKER, JJ.

Daniel Finn, for appellant.
John J. Beattie, for respondents.

HOOKER, J. The complaint alleges that the deed of a large
tract of land, known as "Round Hill Farm," containing some 240
acres, was made and delivered to the defendants' testator pursuant
to an agreement between him and the plaintiff that the deed should
be held by him as security for the money he advanced for the pur-
chase of the premises, over and above the amount paid by the plaintiff
towards the purchase, and that it was agreed between them that the
title should be taken in the name of the testator; that upon any sale
made by the testator, as such trustee, of said lands, or any portion
thereof, he should account to the plaintiff for the proceeds; that
each of the parties was first to receive the amount of money which
he had advanced or expended in connection with the purchase of said
land, with interest thereon, and after each had received such ad-
vances the net proceeds should be divided equally between the testa-
tor and the plaintiff. The complaint demands an accounting on the
part of the defendants, that a receiver be appointed to hold that
portion of the premises remaining unsold at the time of the com-
mencement of the action, and that an injunction be issued, restrain-
ing the executors from disposing of the property until the receiver
should take charge of it.

In January, 1882, the Middletown Savings Bank was the owner
of these premises. In that month it made a contract with the tes-
tator and the plaintiff (all three parties signing) to sell this farm to
them for the sum of $5,500, and providing for the payment of $1,500
by them on the 1st of April of that year; the balance to be secured
by a bond and mortgage. On July 7, 1886, the bank executed a deed
to the testator for the same premises, and at the time of this con-
veyance the testator executed to it a bond and mortgage to secure
the balance of $4,000, in neither of which instruments the plaintiff
joined. The defendants tender a general issue, and plead prior
actions, which had been discontinued, as a bar, and the statute of
limitations as a defense.

The trial court found these facts: That the plaintiff failed to es-
tablish that the deed of July 7, 1886, was made and delivered to the
testator in pursuance of an agreement between him and the plaintiff
that it should be held as security for the amount advanced by the
testator in the purchase of the lands, over and above the amount
paid by the plaintiff; that he failed to establish that the transfer was
made pursuant to an agreement that the title should be taken in the
name of the testator for the benefit of, and as trustee for, himself
and plaintiff; and that he also failed to establish that the deed was
delivered pursuant to any other agreement, as alleged in the com-
plaint. These findings state that it affirmatively appears on behalf
of the defendants that the deed was executed and delivered to the
testator upon payment by him of the whole of the purchase price of
the premises, by and with the full knowledge of the plaintiff; that

the conveyance was intended to, and did, actually vest in the testator the full and entire title, in fee simple, exclusive of any right, title, or interest, legal or equitable, in the plaintiff; and that the testator never held the premises, by agreement or otherwise, for the benefit of, or as trustee for, the plaintiff; and that the plaintiff is not entitled to an accounting.

Both parties have called to our attention, in connection with this appeal, many legal propositions, and have cited many authorities to sustain them. The record discloses, however, that a sharp question of fact was presented to the trial court touching the agreement between the plaintiff and the testator alleged to have been consummated at the time title was taken from the bank. Each party offered upon the trial important and material evidence bearing upon this controverted question of fact, and upon this conflicting evidence the trial court has found the facts in favor of the defendants. The record has received careful examination, and we believe there is quite sufficient evidence to sustain the findings. The exceptions taken to the rulings of the court to the questions of the admissibility of evidence have been examined, and found to present no error. These views render it unnecessary to discuss the questions raised by the respondents concerning the application of the statute of limitations, or actions and proceedings which they claim worked a bar.

The judgment should be affirmed, with costs. All concur.